## Miller *v.* Independent Bridge Company, Appellant.

*Negligence — Master and servant — Unguarded machinery — Contributory negligence—Case for jury.*

In an action to recover damages for the death of plaintiff's husband who was caught in an unguarded gear wheel it appeared that when plaintiff needed tools or was required to oil the machine, or to stop it, his duties brought him within two and one half feet of the wheel.  The only living witness of the accident had disappeared at the time of trial.  Defendant contended that deceased was guilty of contributory negligence and offered evidence that the machinery was always oiled before seven o'clock, the time of starting, and therefore that deceased could not have been oiling the machinery, as the accident occurred at nine o'clock.  Defendant also attempted to prove by the opinion of witnesses, who

did not however know the nature of the work deceased was doing that he had no need for tools or to stop the machine at the time of the injury. *Held,* that the case was for the jury.

Argued Oct. 15, 1915. Appeal, No. 156, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 224, on verdict for plaintiff, in case of Katherine Miller v. Independent Bridge Company, a Corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

The facts appear in the following opinion by SWEAR-INGEN, J., sur defendant's motion for judgment n. o. v.:

The defendant has moved for judgment non obstante veredicto, and the principal reason assigned is that the evidence was not sufficient to justify the submission of the case to a jury.

This action was brought by Katherine Miller, widow of Henry Miller, deceased, to recover damages on account of the death of her husband, which she alleged was caused by the negligence of the Independent Bridge Company. He was employed by the defendant as a puncher, and he worked at a machine with which holes were cut in iron plates used in bridge construction. As a part of this machine, there was a set of cog-wheels geared together at the lower side of a large wheel, forty-eight inches in diameter, which revolved above a small wheel, seven and a half inches in diameter—the latter being about fifteen inches higher than the floor. He had a helper on the day of the accident. This man was a foreigner, and where he now is no one knows. No other person saw the accident and it is not certain that this helper saw it. Mr. Miller had had charge of this machine for over two years. It was his duty to oil the machine, which required him to go near these gear wheels. When he was working the punch, he stood

at the end of the machine, but not near the gear wheels. There was testimony that, when he desired to start and stop the motor, which regulated the machine, he was obliged to go to the switch and the lever located on a column near the other end of the machine, and in so doing he had to be within about two and a half feet of the large gear wheel. There was also testimony that, when he needed tools and some of the punches used in his work he had to go to the tool box standing near said column, and this brought him within a foot or a foot and a half of the large gear wheel. Of course, it was as much his duty to go for tools as it was to operate the punch. So also he was performing his duty as much, when he pulled the switch to stop and start the machine, as when he was working at the end thereof.

The jury found, upon ample evidence, that Mr. Miller was injured by being caught in the cogs of these wheels on the right side of the machine, and that he was thereby carried through them to the left side thereof. This finding was not upon any presumption at all. It was the only reasonable inference that could be drawn from the facts proved relative thereto, and the jury was not permitted to draw any inference therefrom or to found any presumption thereon, as is suggested by the defendant. The jury also found that the defendant was guilty of negligence, in failing to have these cog-wheels properly guarded upon the right side of the machine, and we think that no mistake was made in that finding. This negligence was the failure to obey a statutory command, and therefore "questions relating to assumption of risk do not arise": Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523, 526.

The contention of the defendant was that Mr. Miller was guilty of contributory negligence, he having no business near the cog-wheels. But the burden of proving contributory negligence was upon the defendant. It assumed the burden, and offered testimony to show that the machine was started at seven o'clock a. m., and that

the oiling was always done before the starting; whereas Mr. Miller was injured about nine o'clock a. m. This testimony was not contradicted; but still the credibility of the witnesses was for the jury. It also offered testimony that Mr. Miller had no need for tools, and had no occasion to stop the machine at the time he was injured. But this was the mere opinion of the witnesses. They did not pretend to know what Mr. Miller may have needed in the performance of his duties at that machine. They did not pretend to know what was the nature of the work he was doing, or whether the machine had to be stopped. It was for the jury, therefore, to judge the credibility and sufficiency of this testimony, and to draw the inferences therefrom as well as from the facts established. Consequently, the court could not say to the jury that the defendant had discharged the burden cast upon it by the law. That was a question solely for the jury. The presumptions were with the deceased. The jury was directed that, if it found he was near these cog-wheels for his own purposes and not in the performance of his duties, and if he by any act of negligence contributed to the accident, there could be no recovery. And the jury has answered by its verdict in favor of the plaintiff. How could the court have decided these questions, which depended upon oral testimony? We are of opinion that there was sufficient evidence to justify the submission of the case to the jury.

It was suggested upon the argument of this motion that the evidence failed to show Mr. Miller's death resulted from his injuries. But, when counsel learned that Mr. Hoffman, of counsel for defendant, had agreed with plaintiff not to require the production of the physicians who attended Mr. Miller, the proposition was withdrawn by defendant's counsel. Indeed, we understood at the trial that the fact was admitted, and no question of that character was even raised.

Verdict for plaintiff for $4,060.00 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. A. Stone*, of *Stone & Stone*, for appellant.

*R. P. Marshall*, with him *W. F. Stadtlander, Thos. M. Marshall* and *Elias Sunstein*, for appellee.

PER CURIAM, January 3, 1916:

That this case was for the jury clearly appears in the opinion of the court on defendant's motion for judgment non obstante veredicto, and the judgment for the plaintiff is affirmed on that opinion.